Filed 5/24/16  P. v. Edwards CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JERMAINE EDWARDS,<br><br>Defendant and Appellant. | C080804<br><br>(Super. Ct. No. 15F01181) |

Appointed counsel for defendant Jermaine Edwards has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Early one February morning, Folsom Police Officer Paul Rice stopped two people in a black GMC Yukon.  Defendant was seated in the passenger seat.  In the center console of the car, Rice found two semiautomatic handguns containing loaded

magazines. He also found a box of ammunition in a bag stuffed between the center console and the front passenger seat.[1]

After the trial court denied his motion to suppress (Pen. Code, § 1538.5)[2] defendant pleaded no contest to possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1) and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 2) and admitted a prior strike conviction (§§ 667, subd. (d) and 1170.12, subd. (b)). The parties agreed to an indicated sentence of 16 months, doubled pursuant to the strike.

Pursuant to the negotiated disposition, the trial court sentenced defendant to serve a prison term of 16 months on count 1, doubled to 32 months, pursuant to the strike, and a term of two years on count 2, stayed under section 654. The trial court awarded defendant 540 days of presentence custody credit, and imposed a restitution fine of $300 (§ 1202.4), imposed and stayed an identical parole revocation fine (§ 1202.45), imposed a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] The parties agreed the trial court could consider the preliminary hearing transcript for the factual basis for the plea.

[2] Undesignated statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
RAYE, P. J.

_____/s/_____
MAURO, J.